IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00189-CR

 

Ex parte
Anthony Charles Graves,

                                                                                    

 

 



From the 21st District Court

Burleson County, Texas

Trial Court No. 11136-B

 



ORDER



 

            Anthony Charles Graves is appealing
the trial court’s denial of his pretrial petition for writ of habeas corpus, which
seeks to bar the State from retrying him for capital murder on double-jeopardy
and due-process grounds.

On July 23, 2008, we received a supplemental
clerk’s record consisting of the following reporter’s record excerpts from Graves’ first trial:

1.     
Master Index Volume 1 of 48 of
the Statement of Facts from the jury trial in Cause No. 28,165 from September
19-November 1, 1994;

 

2.     
Master Index Volume 2 of 48 –
Chronological - Alphabetical - Exhibit - from the jury trial in Cause No.
28,165 from September 19-November 1, 1994;

 

3.     
Volume 34 of 48 – Motions –
Guilt/Innocence - of the Statement of Facts from the jury trial in Cause No.
28,165 from September 19-November 1, 1994;

 

4.     
Volume 35 of 48 – Guilt/Innocence
- of the Statement of Facts from the jury trial in Cause No. 28,165 from
September 19-November 1, 1994;

 

5.     
Volume 36 of 48 – Guilt/Innocence
- of the Statement of Facts from the jury trial in Cause No. 28,165 from
September 19-November 1, 1994;

 

6.     
Volume 37 of 48 –
Guilt/Innocence - of the Statement of Facts from the jury trial in Cause No.
28,165 from September 19-November 1, 1994;

 

7.     
Volume 38 of 48 –
Guilt/Innocence - of the Statement of Facts from the jury trial in Cause No.
28,165 from September 19-November 1, 1994;

 

8.     
Volume 39 of 48 –
Guilt/Innocence - of the Statement of Facts from the jury trial in Cause No.
28,165 from September 19-November 1, 1994;

 

9.     
Volume 40 of 48 –
Guilt/Innocence - of the Statement of Facts from the jury trial in Cause No.
28,165 from September 19-November 1, 1994;

 

10. 
Volume 41 of 48 –
Guilt/Innocence - of the Statement of Facts from the jury trial in Cause No.
28,165 from September 19-November 1, 1994;

 

11. 
Volume 42 of 48 –
Guilt/Innocence - of the Statement of Facts from the jury trial in Cause No.
28,165 from September 19-November 1, 1994;

 

12. 
Volume 43 of 48 – Punishment -
of the Statement of Facts from the jury trial in Cause No. 28,165 from
September 19-November 1, 1994;

 

13. 
Volume 44 of 48 – Punishment -
of the Statement of Facts from the jury trial in Cause No. 28,165 from
September 19-November 1, 1994; and

 

14. 
Volume 45 of 48 – Motion for
New Trial - of the Statement of Facts from the jury trial in Cause No. 28,165
from September 19-November 1, 1994.

 

            In a July 30 letter, we ordered the
parties to advise us by August 6 why this supplemental clerk’s record should be
filed in this cause.  The State responded:

            The State requested the supplement of
the record. . . .  It is believed by the State that the trial record is
important to the Court of Appeals in analyzing the applicant’s due process and
due course of law complaints. . . .

 

            In other words, the State believes the
trial record is important for the Court to resolve the applicant’s due process
claim.

 

Graves
responded and requested that we file the supplemental clerk’s record,
asserting:

            The Court should consider the
supplemental clerk’s record because it shows that at Graves’ first trial the
State intentionally used perjured testimony to avoid a likely acquittal, and
that Double Jeopardy has attached.

 

Graves then
quotes from the supplemental clerk’s record testimony that supports his
assertion.  The State’s Brief, Graves’ Reply Brief, and Graves’ Surreply Brief
all cite to and quote from the supplemental clerk’s record.  Also, in his
petition for writ of habeas corpus, Graves requested the trial court to take
judicial notice of all the proceedings in the cause and in both the state and
federal writ proceedings.

            Based on the foregoing, we order the
Clerk of this Court to file the proposed supplemental clerk’s record.  See
Tex. R. App. P. 34.5(c)(1, 3).

 

                                                                                                PER
CURIAM

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

            (Chief
Justice Gray dissenting)

Order issued and filed
October 15, 2008

Do not publish